# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **RICHARD MASTERSON,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 7210 ) |
| **ST. GEORGE UNLMITED, INC., ROBERT N. RONINGEN, JUDY BOSS, ROBERT MCCLUNG and SAM PODANY,** | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On December 23, 2005, plaintiff Richard Masterson ("Masterson") filed a three count complaint against defendants St. George Unlimited, Inc. ("SGU"), Robert N. Roningen ("Roningen"), and Robert McClung ("McClung"). Although the complaint listed two other persons, Judy Boss ("Boss") and Sam Podany ("Podany"), in the case caption, the body of the complaint itself stated that it was against SGU, Roningen, and McClung. Only Roningen and McClung answered the complaint and, subsequently, filed *pro se* appearances. Alias summons issued as to Podany on May 10, 2006 and June 30, 2006. Alias summons also issued as to SGU, Boss, and Podany on June 30, 2006. SGU was served on January 5, 2006. On January 12, 2007, Masterson voluntarily dismissed Boss.

The complaint alleges (1) violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. 1961 *et seq.*, (2) breach of contract, and (3) fraud. Masterson twice

sought extensions of time in which to file a motion for summary judgment. On August 24, 2007, for the second time, I granted Masterson additional time to file a motion for summary judgment and extended the date by which to file it to August 31, 2007. I also ordered that no further extensions would be allowed. Nevertheless, Masterson failed to file the instant motion until September 4, 2007. By his untimely motion, Masterson seeks summary judgment against SGU, Roningen, and McClung on Count I (RICO) and Count III (fraud) and against SGU on Count II (breach of contract).

I.

Masterson is an Illinois resident. SGU is a Colorado corporation with an office in Minnesota and, according to the documents attached to the complaint, an office in Colorado. Roningen is a Minnesota citizen, who has performed legal services for SGU. McClung is a Colorado citizen and SGU board member.

From the parties' accounts, it is difficult to discern what has transpired. The parties agree that a "Business Agreement" dated April 17, 2004 was signed by Masterson and by McClung for SGU. The agreement's stated purpose was for SGU and Masterson to work together to obtain $500,000,000.00 of funding "for acquisitions in Media and related areas[.]" It states that "SGU owns certain substantial assets." An "Escrow Agreement" bearing the same date as the Business Agreement was signed by Masterson with an unsigned line for McClung's signature for SGU. A

2

"Promissary [sic] Note" dated July 7, 2004 was signed by McClung of SGU, which indicated that SGU agreed to repay Masterson by August 20, 2004 for a $375,000.00 loan if financing was not obtained. McClung states that the signatures on these three agreements "are proper." On or about April 17, 2004, $450,000.00 of Masterson's money was wired to a trust account in Roningen's name. Masterson has not received financing funds from SGU. None of the parties claim that Masterson has been repaid in full. According to Masterson, he has recovered $50,000.00; Roningen and McClung contend that the amount returned to Masterson is $77,887.91.

II.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); FED. R. CIV. P. 56(c). I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). I deny Masterson's motion for summary judgment in its entirety because of the existence of disputed issues of material fact.

III.

First, Masterson argues that he is entitled to summary judgment against SGU on Count II for breach of the Business Agreement because SGU never obtained a loan for him. The Business Agreement provides that it is governed by Colorado law. Under Colorado law, the elements of breach of contract are (1) the existence of the contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform by the defendant; and (4) damages. *Western Distrib. Co. V. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). Material facts regarding the parties' performance are in dispute. Therefore, I deny Masterson's motion for summary judgment as to SGU on Count II.

The following material facts are disputed. Masterson claims that SGU never obtained financing for him. But McClung's affidavit states that SGU received four loan commitments, which were forwarded to Masterson's agent, Darrell Ellis ("Ellis"). McClung contends that four of these commitments required Masterson to sign certain agreements, which Ellis refused to allow Masterson to do. McClung's affidavit also states that two additional loan commitments were forwarded to Masterson. Masterson has offered no evidence pertaining to any of these loan commitments. Based on these conflicting facts, Masterson has not shown either that he performed his obligations under the Business Agreement or that SGU failed to perform its obligations under the Business Agreement.

4

IV.

Masterson next argues that he is entitled to summary judgment against SGU, McClung, and Roningen on Count III for fraud. Under Illinois law, the elements of fraud are (1) a false statement of material fact; (2) the defendant's knowledge that the statement was false; (3) the defendant's intent that the statement induce the plaintiff to act; (4) the plaintiff's reliance upon the truth of the statement; and (5) damages.[1] *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 496 (Ill. 1996). Material facts regarding the making of false statements are in dispute. Therefore, I deny Masterson's motion for summary judgment as to SGU on Count II.

The following material facts are disputed. Masterson claims that the statement that SGU owned substantial assets was false and that, in fact, SGU never owned any such assets. McClung responds

---

[1] None of the parties have identified which state's law governs the fraud claim. The following states' laws could apply: Illinois (Masterson's residence); Minnesota (Roningen's, and possibly SGU's, residence); and Colorado (McClung's, and possibly SGU's, residence). A review of the law of all three states reveals that the elements of fraud are substantively the same and, therefore, I apply Illinois law. *See In re Strid*, 487 N.W.2d 891, 893-94 (Minn. 1992) (setting forth the elements of fraud as (1) a false representation pertaining to a material past or present fact susceptible of human knowledge; (2) made with knowledge of the representation's falsity or without knowledge as to its truth or falsity; (3) an intention that the plaintiff act on it, or circumstances that justify such action;(4) the plaintiff being reasonably induced to act on the representation and relying upon it; and (5) damages); *M.D.C./Wood, Inc. V. Mortimer*, 866 P.2d 1380, 1382 (Colo. 1994) (setting forth the elements of fraud as (1) a fraudulent misrepresentation of material fact by the defendant; (2) that the plaintiff relied on; (3) that the plaintiff has the right to rely on, or was justified in relying on; and (4) damages).

that assets include property other than cash or real property, such as personnel, knowledge, contacts, stock, patents, and contracts. Although this may not directly refute Masterson's claim, drawing all reasonable inferences in the defendants' favor, I conclude that whether SGU owned substantial assets is disputed. Masterson further contends that Roningen reiterated that SGU owned substantial assets. Roningen denies making any such statement to Masterson. He states that SGU may have had such assets, but due to the nature of his involvement with SGU he is not in a position to know. Masterson also argues that Roningen's and McClung's statements that his money would only be released with his express authorization and for expenses related to obtaining the loan were false. Meanwhile, Roningen claims that he was instructed by Masterson and Ellis to disburse funds as requested by SGU and Ellis, which he did. Roningen further asserts that he was directed by Masterson and Ellis only to contact Ellis regarding the funds. Based on these conflicting facts, Masterson has not demonstrated that the statements were false.

V.

Finally, Masterson argues that he is entitled to summary judgment against SGU, Roningen, and McClung on Count I for violation of the RICO Act. The elements necessary to establish a violation of § 1962(c) are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Jennings v. Auto*

*Meter Prods., Inc.*, 495 F.3d 466, 472 (7th Cir. 2007). Even though § 1964(c) provides for a private right of action, the RICO statute is not intended to allow private plaintiffs to convert ordinary state law fraud claims into federal RICO actions. *Id.* A pattern of racketeering requires, at a minimum, two predicate acts of racketeering committed within a ten-year period. *Id.* To demonstrate a pattern, the plaintiff must satisfy the continuity plus relationship test, which means that the predicate acts must be related to one another and pose a threat of continued criminal activity. *Id.* at 473. In determining whether continuity exists, relevant factors include "the number and variety of predicate acts and the length of time over which they were committed, the number of victims, the presence of separate schemes and the occurrence of distinct injuries." *Id.*

Masterson appears to contend that various alleged lies constitute predicate acts. As set forth above, several of the alleged lies are disputed, namely whether SGU had substantial assets and whether Masterson's money was only to be released with his approval and for a proper purpose. Masterson also claims that it is a lie that SGU is in the business of helping people obtain loans, but he provides no support for this statement. Additionally, Masterson asserts that Roningen lied by telling him that he would receive all money due to him once certain certified funds cleared. Roningen disputes this claim, stating that he said

that if such funds were collected by SGU, then he expected that any money due Masterson would be paid.  Finally, Masterson identifies as another lie that his money would be returned plus interest if he did not obtain financing.  Although Masterson provides no support for this statement, presumably he is referring to the promissory note.  This may be the only undisputed alleged lie.  But more than one predicate act is required for a RICO claim, and the rest of the supposed predicate acts are disputed.  Based on this conflicting information, Masterson has not established the requirements for a RICO claim.

VI.

For the foregoing reasons, Masterson's motion for summary judgment is denied on all counts as to all defendants.

**ENTER ORDER:**

_____

**Elaine E. Bucklo**
United States District Judge

Dated: November 14, 2007